IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADAM LEE ACUFF                                                      PLAINTIFF

      v.                              CIVIL NO. 08-5201

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Adam Acuff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner). Defendant has filed a motion to dismiss plaintiff's claim on the ground that it is barred by the time limitation specified in 42 U.S.C. § 405(g). (Doc. # 6).

Plaintiff filed an application for a period disability, disability insurance benefits (DIB), and supplemental security income (SSI) on February 17, 2006. (Doc. #1). After benefits were denied initially and on reconsideration, plaintiff was granted a hearing before an Administrative Law Judge (ALJ) on October 24, 2007, at which plaintiff appeared with counsel. The ALJ issued a written decision denying benefits on December 12, 2007. *Id.* Plaintiff subsequently appealed the ALJ's unfavorable decision to the Appeals Council who denied his request for further review on June 20, 2008, making the ALJ's decision the final decision of the Commissioner. (Doc. # 6). On September 3, 2008, plaintiff commenced this action in Federal district court *nunc pro tunc* requesting review of the Commissioner's unfavorable decision. (Doc. # 1).

The defendant asserts that plaintiff's complaint fails to state a claim upon which relief can be granted since it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of notice of

the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. Receipt of notice of the Appeals Council's decision by either the claimant or claimant's attorney, whichever occurs first, triggers the 60-day limitations period. *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Eighth Circuit has upheld the 60 days time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

Here, the Appeals Council's decision denying plaintiff's request for review is dated June 20, 2008.  Under the regulations, receipt of the notice would be presumed five days thereafter, on June 25, 2008.  Plaintiff has filed an affidavit stating that he did not receive the Appeals Council's determination until July 7, 2008, due to a change of address and mail forwarding order.  However, a copy of the letter was also sent to plaintiff's then counsel, Jeff H. Watson of the Watson Law Firm in Springdale, Arkansas.  Aside from plaintiff's self serving affidavit indicating his alleged date of receipt with no evidence offered in support, there is no evidence in the record to indicate that plaintiff's counsel did not receive the Appeals Council's decision within 5 days of the date of the notice.  Thus, plaintiff has not rebutted this presumption.  *See Bess*, 337 F.3d at 990.

To be considered timely, plaintiff must have commenced his civil action on or before August 24, 2008.   Plaintiff's complaint in this case was filed *nunc pro tunc* on September 3, 2008.  Additionally, plaintiff has presented no extraordinary circumstances to justify extending the 60 day period.

We find that plaintiff's complaint was not filed within 60 days after the presumed receipt of the final decision of Commissioner, or within any time as extended by the Appeals Council.  We further find no extraordinary circumstances present in this case to justify extending the 60-day period.  Plaintiff's counsel should have requested an extension of time from the Appeals Council.  Accordingly, we find that plaintiff's compliant fails to state a claim upon which relief can be granted and this action should be dismissed.

Based on the above, defendant's motion is granted and plaintiff's case is hereby dismissed with prejudice.

DATED this <u>25th</u> day of November 2008.

<u>/s/ J. Marschewski</u>
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE